FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.
98 MAR 26 AM 11:11
SIGN
RICHARD T. MARTIN
CLERK

A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. §1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Sheldon Jackson

N/A

N/A

(Enter above the full name of each plaintiff in this action.)

306870
Inmate (DOC) number

98-272-A-M3

VERSUS

Richard L. Stalder, ET AL

N/A

N/A

N/A

(Enter above the full name of each defendant in this action.)

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still er[...]

Returned Original 03/27/98

3:98-cv-00272 1 - 1
DATE: 03/26/98 DEPUTY CLERK: dcap

and Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Public Safety and Corrections.

All copies of the complaint must be identical to the original.

The names of all parties must be listed in the caption and in part III of the complaint exactly the same.

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 120.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, P. O. Box 2630, Baton Rouge, La. 70821.

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes ( ) No (✓)

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
Plaintiff(s): N/A
N/A

Defendant(s): N/A
N/A

2. Court (if federal court, name the district; if state court, name the parish):
N/A
N/A

3. Docket number: N/A

4. Name of judge to whom case was assigned: N/A
N/A

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):
N/A
N/A

6. Date of filing lawsuit: N/A
7. Date of disposition: N/A

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
Yes ( ) No (✓)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.
N/A
N/A

II. Place of present confinement: DWCC, 670 Bell Hill RD, Homer, LA. 71040

A. Is there a prisoner grievance procedure in this institution?
Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes (✓) No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. DCI-97-1820

2. What steps did you take? Filed Administrative Remedy Procedure

3. What was the result? Denied At Every Level

D. If your answer is No, explain why not: N/A

III. Parties
(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) Sheldon Jackson
Address David Wade Correctional Center, 670 Bell Hill Rd., Homer, La. 71

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant Richard L. Stalder
is employed as Secretary
at Department of Public Safety and Correction

C. Additional Defendants: Warden James M Leblanc
LT. Edward Peters
Capt. Tyrone Kilbourne

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not given any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On October 7, 1997 I plaintiff Sheldon Jackson #306870 entered poultry plant C.P.2.C to performed my duty of checking chicken. While plaintiff was sitting on a stool checking chicken he was approached by correctional officer Sgt. Honey who stated to me to give him the fucking stool that I was sitting on because he was told by LT. Edward Peters that plaintiff didn't have a duty status and he didn't need a "fucking stool" to work. Plaintiff have been victimized every since he returned back-into the poultry plant by, "LT. Edward Peters". Plaintiff had been sitting on the stool from the time he entered the poultry plant which was about 5:00 AM. Plaintiff also

pg. 2

IV. Statement of Claim Cont.

Showed Correctional Officer Sgt. Honey that he had a Medical Duty Status which clearly States that he must sit down while working. Sgt. Honey then stated to plaintiff, "to give him the fucking stool" are he was going to write him up and fuck over him. Plaintiff then asked Sgt. Honey, so having a medical duty status doesn't mean a thing here in the poultry plant. Correctional Officer Sgt. Honey replied, "hey man I'm only doing wha I was told to do" by LT. Edward Peters. Plaintiff then gave Sgt. Honey the stool. Because plaintiff cutter, Toby Cooper and Several other inmates stated for him to go see the Captain Concerning this problem Plaintiff went to the Captain office to speak to Captain Tyrone Kilbourne concerning his problem in the poultry plant. Entering the Captain office, plaintiff was told by LT. Edward Peters who was sitting in the Captai office that if he wanted to speak to Capta Tyrone Kilbourne he had to come around through the Lieutenant office. Plaintiff exit the Captain office and walked around to the Lieutenant office so he could speaked to Captain Tyrone Kilbourne. When entering the Lieutenant office plaintiff was approached b

IV. Statement of Claim Cont.

LT. Edward Peters who Clearly Stated to him "what the fuck you want to see the Captain about, the write up you got". Plaintiff replied, "yes" and also I won't to speak to Captain Tyrone Kilbourne, because I received a medic duty Status from nurse Guynell Carr on October 3, 1997, and it's not being honored, by you (LT. Peters) nor the Correctional Officers in the poultry plant. All they do is hoop and hollow and harrassed the inmates about cutting and checking chicken. Also after plaintiff tried to explained to LT. Edward Peters that he had a medical duty Status he LT. Edward Peters then replied for plaintiff "to shut the fuck up" and turne around and place his hands behind his back. Th when LT. Edward Peters removed the handcuffs out of his back pocket and placed them o plaintiff wraist and quoted to him "I told yo that I was going to fuck over you when you returned back to the plant". Afterward LT. Edwar Peters then walked plaintiff into the Captain office. When the both of us entered the Captain office. Captain Tyrone Kilbourne Stated to plaintiff "boy what is your problem", Plaintiff replied, "that he didn't have a problem", that he was doing what he was assigned to do check chicken, when he wa approached by Sgt. Honey who was sent out by

pg. 4

## IV. Statement of Claim Cont.

LT. Edward Peters to harrassed and take plaintiff stool, becauuse he didn't want plaintiff sitting down. Thats when Captain Tyrone Kilbourne stated to plaintiff that this is his plant and he woul run it how he wanted to, that if I had a problem with that we could solve it right now. Plaintiff replied "No, I don't have a problem". Then Captain Tyrone Kilbourne told him to "Shut the fuck up and grab plaintiff by the face with his right hand and slam the back of his head up against the wall. Afterward Captain Tyrone Kilbourne grab plaintiff by t shoulder and driving him down threw a wooden chair that broke and fell apart as I came down on it with the force of the Captain shove, going down and injuri my Right shoulder and my lower back. while lieing on the floor LT. Edward Peters placed his hand around plaintiff throat and begin choking him, while Captai Tyrone Kilbourne stomped and kicked plaintiff in h side. The only reason the two stopped was because t door to the Lieutenant office flew open and the tw didn't won't any of the inmates in the plant to see t cruelty they were performing. Thats when Sgt. Taylor came and shut the door ~~to~~ the Lieutenant office. Plaintif was then placed in a corner in the captain office where both LT. Edward Peters and Captain Tyrone Kilbourne bec wiping the blood off plaintiff mouth with the smoc he was wearing, because plaintiff had also substaine

IV. Statement of Claim Cont.

a busted mouth and a deep laceration to the botto of his tongue from his teeth going through it, from the excessive force that was used on him b the two (2) Highly Rank Correctional Officer. Two minute later LT. Edward Peters exit the captain office and inmate Micheal Brooks came walking in captain Kilbourne office. Captain Kilbourne told inmate Micheal Brooks to take the broken chair out back and see if inmate Carlado could fixed it, not then that mother fucker (meaning plaintiff) jus brought himself a $51.00 dollar State chair. Inmate Micheal Brooks grab the chair and walked out th back door of the Captain office. Thats when Captai Kilbourne stated to plaintiff that he was going to hooked the write up to wear it sticks, because they are not (meaning the court) going to believe plaintiff over a DPSC captain. Also Captain Tyron Kilbourne made a statement to plaintiff that "He's not done with me yet", and "he was going to make sure that plaintiff remain in the poultry plant". Thats when LT. Edward Peters returned bac in the Captain office and Captain Tyrone Kilbourne stated to him to go ahead and take plaintiff to the infirmary. when plaintiff entered the infirmary he was placed on a bench as LT. Edward Peters went down the hallway of the infirmary talking to nurse Mayeaux when the two of them returned to where plaintiff was

pg: 6

IV. Statement of Claim Cont.

sitting nurse Mayeaux gave him a piece of paper and told him to put down what happen and what was hurting him. Plaintiff was filling out the form when nurse Mayeaux then stated to him " to hurry up with the form, because she doesn't have all day and she gets off at 6:00 A.M.". Once Plaintiff had completed filling out what happen nurse Mayeaux took him into examing room #2 along with LT. Edward Peters and told me to take off my shirt so she could examine me. Plaintiff showed nurse Mayeaux his neck which had scratch mark on it from where he was being choked by LT. Edward Peters. Plaintiff also showed her his tongue and his lip, which had been busted. But all she told plaintiff was to get dressed, nurse Mayeaux never examined me properly. Plaintiff was then walked to Salley Po 2 by LT. Edward Peters, where he then was placed in Administrative Segregation. On October 8, 1997 Plaintiff went to DB Court in front of Major Glen Booty and Connie Kennedy and was found Guilty of the charges and sentence to the Working Cellblock for 90 days, 30 days Forfietur of Goodtime, and $4.00 Restitution.

* Plaintiff further seeks oral Argument in the instant matter. *

V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. Review The Administrative Records, And Any And All Pertinent Statem And/OR Documents Relative to This Matter. Also Award Petitic Any And All That He's Entitled To In Accordance with All Applicable L

VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 20TH day of March, 19 98.

Sheldon Jackson

N/A

N/A

Signature of plaintiff(s)

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

Sheldon Jackson #306870

VERSUS

Richard L. Stalder, ET AL

CIVIL ACTION

NUMBER

ORDER

IT IS ORDERED that the plaintiff's motion to proceed in forma pauperis is GRANTED, for the purpose of service of process, by U.S. Marshal, as provided in Rule 4(c)(2)(B), because the plaintiff has insufficient funds to pay any amount of the usual fee.

IT IS FURTHER ORDERED that the plaintiff's motion to proceed in forma pauperis is GRANTED, for the purpose of the filing fee. However, in accordance with the April 26, 1996 amendment to 28 U.S.C. § 1915, all prisoners granted in forma pauperis status shall be assessed and required to pay $120.00, the full amount of the court's filing fee.[1] Plaintiff shall be required to pay an initial partial filing fee and

---

[1] On April 26, 1996, the President signed into law the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, which amended: 18 U.S.C. §§ 3624 (b), 3626; 42 U.S.C. § 1997e; 28 U.S.C. §§ 1915, 1346(b); and 11 U.S.C. § 523(a). The amendments also add provisions, including new sections 1915 and 1932 to Title 28, United States Code.

The amendment to 28 U.S.C. § 1915 provides in pertinent part the following: "(b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee . . . ."

thereafter, prison officials shall be required to forward monthly payments from the plaintiff's inmate account until the entire filing fee is paid.

IT IS ORDERED that within 20 days from the date of this order the plaintiff shall pay an initial partial filing fee in the amount of $______________ to the Clerk of Court or the suit will be dismissed. It is the plaintiff's responsibility to pay the initial partial filing fee. The Centralized Inmate Banking Section of the Louisiana Department of Corrections will NOT forward payment of the initial partial filing fee without the plaintiff's written authorization.

IT IS FURTHER ORDERED that following payment of the initial partial filing fee, the plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his prison account. The monthly payments shall be automatically forwarded to the court by the Centralized Inmate Banking Section for the Louisiana Department of Public Safety and Corrections without further action by the plaintiff.

IT IS FURTHER ORDERED that following payment of the initial partial filing fee, the Centralized Inmate Banking Section for the Louisiana Department of Public Safety and Corrections shall forward the monthly payment from the plaintiff's prison account to the Clerk of Court each time the amount in the plaintiff's prison account exceeds $10 until the filing fees are paid.

Baton Rouge, Louisiana, ______________________, 1996.

______________________________
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

Sheldon Jackson #306870
VERSUS
Richard L. Stalder, ET AL

CIVIL ACTION

NUMBER

ORDER

Plaintiff was granted in forma pauperis status which allows the plaintiff to proceed with this action without pre-payment of the filing fee. However, in accordance with 28 U.S.C. § 1915(b)(1) and (2) the plaintiff shall be required to pay an initial partial filing fee and thereafter, prison officials shall be required to forward monthly payments from the plaintiff's inmate account until the entire filing fee is paid. Therefore;

IT IS ORDERED that within 20 days from the date of this order the plaintiff shall pay an initial partial filing fee in the amount of $____________ to the Clerk of Court or the suit will be dismissed. It is the plaintiff's responsibility to pay the initial partial filing fee. The Centralized Inmate Banking Section of the Louisiana Department of Corrections will NOT forward payment of the initial partial filing fee without the plaintiff's written authorization.

IT IS FURTHER ORDERED that following payment of the initial partial filing

fee, the plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his prison account. The monthly payments shall be automatically forwarded to the court by the Centralized Inmate Banking Section for the Louisiana Department of Public Safety and Corrections without further action by the plaintiff.

IT IS FURTHER ORDERED that following payment of the initial partial filing fee, the Centralized Inmate Banking Section for the Louisiana Department of Public Safety and Corrections shall forward the monthly payment from the plaintiff's prison account to the Clerk of Court each time the amount in the plaintiff's prison account exceeds $10 until the filing fees are paid.

Baton Rouge, Louisiana, ______________________________, 1996.

______________________________
UNITED STATES MAGISTRATE JUDGE